**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PERRY F. MOTOLO, : | **Hon. Renée Marie Bumb** |
| Petitioner, : |  |
| : | Civil Action No. 09-5340 (RMB) |
| v. : |  |
| UNITED STATES OF AMERICA, : | **OPINION** |
| Respondent. : |  |

**APPEARANCES**:

    PERRY F. MOTOLO, #60426-050
    F.C.I. Fort Dix West/Bldg. 5811
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**BUMB**, District Judge

    Perry F. Motolo ("Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the federal sentence he is serving and seeking release.  Having thoroughly reviewed Petitioner's submissions, this Court will summarily dismiss the Petition for lack of jurisdiction.

## I.  BACKGROUND

    On February 4, 2008, Petitioner pled guilty to 27 counts of mail fraud, money laundering, tax evasion, and other offenses, arising from a Ponzi scheme Petitioner operated for ten years involving financial planning services.  See United States v. Motolo, Crim. No. 06-0033 (RLM) sentencing mem. (N.D. Ind. June

23, 2008).  In an amended judgment filed August 29, 2008, Chief Judge Robert L. Miller, Jr., imposed an aggregate sentence of 294 months.  Id. at docket entry #134.  Petitioner appealed, arguing that the judgment was void and seeking immediate release.  On April 9, 2009, the United States Court of Appeals for the Seventh Circuit dismissed the appeal for want of prosecution.  See United States v. Motolo, C.A. 08-2623 mandate (7th Cir. Apr. 9, 2009).  To date, Petitioner has not filed a motion to vacate, set aside or correct the judgment pursuant to 28 U.S.C. § 2255 in the sentencing court.

Petitioner filed two other § 2241 petitions challenging his sentence as void for lack of jurisdiction.  The United States District Court for the Northern District of California dismissed the petition for lack of jurisdiction because a motion under § 2255 was not inadequate and ineffective to test the legality of Petitioner's detention.  See Motolo v. United States, Civ. No. 09-2403 (CRB) order (N.D. Cal. June 3, 2009).  The United States District Court for the Northern District of New York summarily dismissed the petition on June 29, 2009, for lack of jurisdiction.  See Motolo v. United States, Civ. No. 09-0691 (NAM) decision & order (N.D.N.Y. June 29, 2009).

Petitioner, who is incarcerated at F.C.I. Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 seeking

2

release essentially because the judgment of conviction is void and presenting the following grounds, which are summarized below:

> Ground One: Summonses executed by the Internal Revenue Service violated the Fourth Amendment;
>
> Ground Two: IRS agents violated various federal statutes by failing to possess delegation orders;
>
> Ground Three: The Seventh Circuit declared the judgment void.[1]
>
> Ground Four: IRS agents used communication media in violation of 26 U.S.C. § 6103.
>
> Ground Five: IRS agents used confidential return information in violation of 26 U.S.C. § 6103.
>
> Ground Six: The conviction is void ab initio because charges were brought after the statute of limitations expired.
>
> Ground Seven: The indictment is void and without sound legal foundation.
>
> Ground Eight: The relevant criminal statutes were void for vagueness and violated the Federal Register Act.
>
> Ground Nine: The government violated the Paperwork Reduction Act of 1980.
>
> Ground Ten: Denial of adversarial hearing pursuant to 26 U.S.C. § 7604(b).
>
> Ground Eleven: Denial of a pretrial conference.

---

[1] The docket of the Eleventh Circuit establishes that the order to which Petitioner refers set up a briefing schedule.  See United States v. Motolo, C.A. 08-2623 order (7th Cir. Dec. 15, 2008).

>Ground Twelve: US officials violated their oath to the Constitution.
>
>Ground Thirteen: Denial of access to adequate law library to conduct his defense.
>
>Ground Fourteen: Failure to use enacting statutes at large when citing United States laws.
>
>Grounds Fifteen and Sixteen: Court appointed counsel was incompetent.
>
>Ground Seventeen: Government failed to prove jurisdiction.
>
>Ground Eighteen: Judgment achieved through fraud.
>
>Ground Nineteen: Counsel failed to disclose ward of court status.

(Pet. Grounds One to Nineteen, pp. 9-12.)

## II. DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

>(c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §

2255.[2]  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); see also Dorsainvil, 119 F. 3d at 251.

In this case, Petitioner may still be able to present his claims to the sentencing court in a motion under § 2255, particularly since he appears to have time remaining on the one statute of limitations.  Because the sentencing court either can entertain, or could have entertained, Petitioner's claims, § 2255 is not inadequate or ineffective to test the legality of his detention.  See United States ex rel. Leguillou v. Davis, 212

---

[2] Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

F.2d 681, 684 (3d Cir. 1954). This Court will therefore dismiss the Petition for lack of jurisdiction.

### III. CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**

Dated: October 27, 2009